ALD-026                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2336
_____

CHARLES GARY BRUCE,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-22-cv-01972)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 9, 2023

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed November 24, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Charles Gary Bruce appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 1996, Bruce was found guilty by a jury in the United States District Court for the Western District of Tennessee of, inter alia, two counts of witness tampering murder, Hobbs Act robbery, use of a firearm to commit robbery and murder, arson, conspiracy to obstruct justice, and escape. He was sentenced to life in prison plus ten years. The United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence. Since then, Bruce has unsuccessfully challenged his convictions with a motion filed pursuant to 28 U.S.C. § 2255, applications for authorization to file a second or successive § 2255 motion, and petitions filed pursuant to 28 U.S.C. § 2241.

In December 2022, Bruce filed a petition pursuant to 28 U.S.C. § 2241, in which he raised thirty-four claims. The District Court dismissed the petition for lack of jurisdiction. Bruce filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4. We may summarily affirm a District

Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A § 2241 petition filed by a federal prisoner challenging his conviction may not be entertained unless a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As noted by the District Court, the Supreme Court recently held that this language, the so-called "savings clause," is not a means of avoiding the restrictions imposed by § 2255(h) on filing successive § 2255 motions:

> We now hold that the saving clause does not authorize such an end-run around AEDPA. In § 2255(h), Congress enumerated two—and only two— conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

Jones v. Hendrix, 599 U.S. 465, 477–78 (2023). Thus, Bruce's remedy is not to file a § 2241 petition but to seek authorization to file a second or successive § 2255 motion.

On appeal, Bruce tries to distinguish his petition from Jones because the petitioner in Jones sought to challenge his conviction based on an intervening decision of statutory interpretation while Bruce seeks to challenge his conviction based on newly discovered evidence. However, the Supreme Court clearly stated that a second or successive

collateral attack—as Bruce seeks to bring here—is not authorized unless § 2255(h) is satisfied.[1]

The District Court did not err in dismissing Bruce's § 2241 petition.  For the above reasons, we will summarily affirm the District Court's order.  See 3d Cir. I.O.P. 10.6.

---

[1] Section 2255(h) allows a Court of Appeals to authorize a second or successive § 2255 motion if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."